**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK,  :  Plaintiff,  :  v.  :  DETECTIVE ANTHONY MURRAY, et al.,  :  Defendants.  : | Civil Action No. 12-6910 (MAS) (TJB)  MEMORANDUM OPINION |

**SHIPP, District Judge**

  Pro se Plaintiff Stanley L. Niblack ("Plaintiff") filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that, among other things, certain police-officer defendants in Bradley Beach, New Jersey ("Defendants"), used excessive force or allowed excessive force to be used when arresting Plaintiff. (ECF No. 1.) The Court previously dismissed the denial of medical services and supervisory claims in the Complaint and dismissed Defendants Borough of Bradley Beach, Mayor Julie Schreck, and Chief Leonard Guida from the case. (Order, Aug. 14, 2013, ECF No. 4.) Presently before the Court is Defendants' summary judgment motion, which seeks final resolution on all claims against them ("Motion"). (ECF No. 127.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies the Motion.

**I. BACKGROUND**

  For the purposes of this Opinion, the Court views all facts in the light most favorable to Plaintiff, the non-moving party, and recites only the relevant facts herein. Unless otherwise noted,

the recited facts are undisputed. On March 8, 2012, Plaintiff went to the municipal courthouse building in Bradley Beach, New Jersey, for unspecified reasons. (Pl.'s Statement of Facts ("SOF") ¶ 18, ECF No. 132.) Upon arriving, Plaintiff proceeded through the security checkpoint, and emptied the contents of his pockets. (Defs.' SOF ¶ 16, ECF No. 127.) Among the contents of his pockets was a single small, white packet. (*Id.* ¶ 18.) Defendants suspected that the white packet contained heroin. (*Id.* ¶ 21.) Plaintiff denies that the package contained heroin and claims that it may have been a napkin or tissue. (Pl.'s SOF ¶¶ 20-21.) Regardless, after retrieving his items, Plaintiff proceeded to exit the courthouse after having just arrived. (*Id.* ¶ 18.) Plaintiff asserts that he left because he had forgotten some documents in his car and was attempting to retrieve them. (*Id.*) Defendants assert that they grabbed Plaintiff as he attempted to run away. (Defs.' SOF ¶ 23.)

What happened next is heavily disputed by the parties.[1] Plaintiff avers that two officers approached him from behind, knocked him to the ground face-first, and started kicking and

---

[1] Defendants argue that because Plaintiff does not explicitly refute every detail of their statement of facts, all facts not addressed by Plaintiff must be accepted as uncontested. (Defs.' Reply Br. 1, ECF No. 135.) The Court construes Defendants' argument as stating that Plaintiff has failed to comply with the requirement, under Local Civil Rule 56.1, that a party opposing a summary judgment motion shall furnish "a responsive statement of material facts, addressing each paragraph of the movant's statement [of material facts], indicating agreement or disagreement." L. Civ. R. 56.1(a). However, a court is not required to construe Rule 56.1 so narrowly, especially when the plaintiff is pro se. *See Sumner v. Schreck*, No. 13-1840, 2015 WL 5646528, at *3 n.2 (D.N.J. Sept. 24, 2015) ("Plaintiff's opposition papers do not include a separate statement of material facts. The Court is inclined to interpret this rule liberally, however, as [p]laintiff . . . is appearing *pro se*[.]"); *see also Obarski v. United Recovery Sys., LP*, No. 12-7622, 2015 WL 179402, at *1 n.2 (D.N.J. Jan. 13, 2015) ("Though [p]laintiff failed to address each of Defendant's material facts in [p]laintiff's [Statement of Undisputed Facts], the [c]ourt liberally construes documents filed by [p]laintiff in light of his *pro se* status."). Although Plaintiff may not have complied with the technical requirements of Rule 56.1, it is obvious to the Court that the parties clearly dispute the facts of this case. Furthermore, Plaintiff substantiates his allegations in his deposition testimony (*see* Dep. of Stanley Niblack 129:16-147:10, Oct. 16, 2015, ECF No. 127-1 at 31), even if he does not refer to it in his brief, which this Court will construe liberally. *See Pratt v. Port Auth. of N.Y. & N.J.*, 563 F. App'x 132, 134 (3d Cir. 2014) ("[B]ecause [the plaintiff] is proceeding pro se, we will construe his brief liberally."); *see also Marcinek v. Comm'r*, 467 F. App'x 153, 154 (3d Cir.

punching him. (Pl.'s SOF ¶ 19.) Plaintiff further avers that other officers joined in on the assault and repeatedly struck him in the chest, abdomen, arms, and legs. (*Id.* ¶ 23.) Plaintiff also avers that other officers watched while he was assaulted and made no attempt to stop the assault. (*Id.* ¶ 26.) Defendants dispute this version of the facts and assert that Plaintiff resisted arrest by placing his hands underneath his body and refusing to be handcuffed. (Defs.' SOF ¶¶ 26-27.) As such, Defendants assert that some force was necessary to effectuate the arrest. (*Id.* ¶¶ 28-30.) Plaintiff avers that he was not trying to resist arrest, but was merely using his hands to shield himself from the continuing assault by Defendants. (Pl.'s SOF ¶ 34.) Although the parties dispute the types and the amount of force used on Plaintiff, there is no dispute that Plaintiff suffered physical injuries, in the form of an abrasion under his left eye, and multiple cuts, scratches, and bruises to both legs. (Defs.' SOF ¶ 42.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *See Anderson*, 477 U.S. at 248. "[I]n considering a motion for summary judgment, a district court may not make credibility determinations or engage

---

2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant").

3

in any weighing of the evidence; instead, the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in his favor." *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (quoting *Marino v. Indus. Crafting Co.*, 358 F.3d 241, 247 (3d Cir. 2004)); *see Anderson*, 477 U.S. at 255; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Eng'rs*, 134 S. Ct. 773 (2014). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324; *see also Matsushita*, 475 U.S. at 586; *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 477 (3d Cir. 2013).

There can be "no genuine [dispute] as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case,

4

and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *see Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). While courts must hold pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at summary judgment, a pro se plaintiff is not exempt from his burden of providing some affirmative *evidence*, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial. *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that pro se plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of [her] prima facie case"); *see also Mitchell v. Gershen*, 466 F. App'x 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a pro se plaintiff for his failure to submit expert testimony in a denial of medical services suit); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law.").

### III. DISCUSSION

#### A. Qualified Immunity

Defendants argue that summary judgment should be granted in their favor on all claims against them because they are entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). To determine whether a defendant is entitled to qualified immunity, the Court must decide:

5

(1) "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right," and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citation omitted). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor*, 135 S. Ct. at 2044 (citation omitted). However, for a right to be clearly established, the doctrine does not "require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citation omitted).

Here, Defendants' argument fails on both prongs. As to the first prong of the qualified immunity analysis, Plaintiff has sufficiently made out a violation of a constitutional right.[2] "A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014) (citations omitted). To determine whether an officer's actions were objectively reasonable, the Court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

> While this inquiry is highly individualized and fact specific, the Supreme Court [in *Graham*] has provided three factors to guide [the Court] through it: (1) the severity of the crime at issue, (2) whether the suspect poses an imminent threat to the safety of the police or others in the vicinity, and (3) whether the suspect attempts to resist arrest or flee the scene.

*Id.* Additional factors may also be relevant to the reasonableness analysis, such as:

---

[2] Because Defendants' assertion of qualified immunity on the failure to intervene claims hinges entirely on their argument that there was no excessive force (*see* Defs.' Moving Br. 14, ECF No. 127), the Court's analysis of the excessive force claim is dispositive of both the excessive force claim and the failure to intervene claim.

6

> the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

*Id.* (quoting *Sharrar v. Felsing*, 123 F.3d 810, 822 (3d Cir. 1997)). In sum, courts employ a "totality of the circumstances" approach in evaluating objective reasonableness. *Plumhoff*, 134 S. Ct. at 2020; *see Santini*, 795 F.3d at 417.

Here, genuine disputes of material fact remain as to whether Defendants' use of force was objectively reasonable. To begin, the parties do not dispute that in effectuating Plaintiff's arrest force was in fact used, and that the use of force caused Plaintiff physical injuries. The parties do, however, dispute the specific types of force used and whether the use of force was objectively reasonable. Looking to the *Graham* factors, evidence shows that Plaintiff's crime—suspected possession of a single small package of heroin—was not particularly severe. Additionally, there did not appear to be any imminent threat to the safety of the police or others in the vicinity—Plaintiff was, at best, seeking to flee the courthouse, and there was no evidence that he was in possession of a weapon of any kind. Assessing the last *Graham* factor, the parties dispute whether Plaintiff was attempting to flee; taking Plaintiff's version of the facts as true, Plaintiff asserts that he was merely trying to return to his car to retrieve some documents. At the summary judgment stage, this Court does not make its own determination regarding the truthfulness of the evidence presented. Rather, the proper analysis is whether a reasonable jury could find for Plaintiff, given his version of the facts. For the first prong of the qualified immunity analysis, the Court finds that a reasonable jury could find for Plaintiff. *See Santini*, 795 F.3d at 420 (reversing a district court's grant of summary judgment and finding that a reasonable jury could find that the *Graham* factors weighed in plaintiff's favor, given plaintiff's averment of the facts).

7

As to the second prong of the qualified immunity analysis, Defendants make the untenable argument that because probable cause existed to arrest Plaintiff, they are entitled to summary judgment. (*See* Defs.' Reply Br. 15 ("Since the officers acted with probable cause, they are entitled to summary judgment pursuant to the doctrine of qualified immunity.").) However, current established law is clear that even if a police officer has irrefutable probable cause to arrest an individual, the force used to effectuate that arrest must still be objectively reasonable. *See Graham*, 490 U.S. at 394 (holding that an excessive force claim arising in the context of an arrest is actionable "notwithstanding the existence of probable cause to arrest"); *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) ("[I]t is plain that reasonableness depends on not only when a seizure is made, but also how it is carried out."); *Fitzgerald v. Santoro*, 707 F.3d 725, 733 (7th Cir. 2013) ("[The plaintiff] also claims that the seizure, *even if supported by probable cause*, was accomplished through the use of excessive force. If true, this too would be a violation of the Fourth Amendment.") (emphasis added); *Raiche v. Pietroski*, 623 F.3d 30, 38 (1st Cir. 2010) (holding that a finding of probable cause to arrest is not inconsistent with a finding of excessive force); *Reese v. Herbert*, 527 F.3d 1253, 1272 (11th Cir. 2008) (applying the objective reasonable standard to an excessive force claim "[w]here probable cause or arguable probable cause to arrest existed"); *Bornstad v. Honey Brook Twp.*, 211 F. App'x 118, 123 (3d Cir. 2007) ("Although the defendant officers had probable cause for [the plaintiff's] arrest, 'the fact that the defendants had probable cause to arrest . . . does not mean that they could use any amount of force in that process.'") (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 515 (3d Cir. 2003)); *Craighead v. Lee*, 399 F.3d 954, 961 (8th Cir. 2005) ("Notwithstanding probable cause to seize a suspect, an officer may not always do so by killing him."); *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) ("Because the excessive force and false arrest factual inquiries are distinct, establishing a lack of

8

probable cause to make an arrest does not establish an excessive force claim, and vice-versa."); *Monday v. Oullette*, 118 F.3d 1099, 1104 (6th Cir. 1997) ("[E]ven when an officer has probable cause to seize an individual, the officer must employ a reasonable amount of force when effecting the seizure."). Here, the Court finds it is clearly established that probable cause to arrest is not a cognizable defense to an excessive force claim. Because Defendants' argument fails both prongs of the qualified immunity analysis, the Court finds that they are not entitled to qualified immunity.

### B. Identity of Defendants

Defendants also argue that Plaintiff's claims fail because he cannot identify, among the various Defendants, who actually used excessive force and who actually failed to intervene. However, case law does not support Defendants' argument that Plaintiff must identify the *exact* perpetrators of the constitutional violations. Although the Third Circuit has not ruled on this issue, a majority of the circuit courts have applied the doctrine of joint and several liability and indivisible injury to § 1983 claims. As the Seventh Circuit held in addressing a plaintiff's § 1983 claims, "[j]oint and several liability is a theory of recovery which requires that the plaintiffs, in an action alleging tortious or constitutionally repugnant conduct by multiple actors, establish that each defendant acted in concert to 'produce a single, indivisible injury.'" *Harper v. Albert*, 400 F.3d 1052, 1061-62 (7th Cir. 2005); *see Jackson v. City of Pittsburg*, 518 F. App'x 518, 520-21 (9th Cir. 2013) (finding a defendant in a § 1983 case liable for the entire damages award because his unconstitutional retaliation was a proximate cause of plaintiff's indivisible injuries); *Northington v. Marin*, 102 F.3d 1564, 1569 (10th Cir. 1996) ("Multiple tortfeasors who concurrently cause an indivisible injury are jointly and severally liable; each can be held liable for the entire injury. . . . These rules apply in § 1983 actions."); *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990) (upholding the district court's application of joint and several liability in a § 1983 action); *Finch*

9

*v. City of Vernon*, 877 F.2d 1497, 1503 (11th Cir. 1989) (finding the municipality defendant jointly and severally liable for plaintiff's indivisible injury stemming from a First Amendment violation); *Lugar v. Edmondson Oil Co.*, 639 F.2d 1058, 1065 n.14 (4th Cir. 1981), *aff'd in part, rev'd in part on other grounds*, 457 U.S. 922 (1982) (holding that a § 1983 plaintiff "may establish joint and several liability for indivisible injury against all defendants whose conduct can be shown to have concurred in causing the ultimate injury"). At least one court in this district has also applied joint and several liability to a § 1983 claim. *See Carter v. Georgevich*, 78 F. Supp. 2d 332, 335-36 (D.N.J. 2000), *abrogated by Hector v. Watt*, 235 F.3d 154 (3d Cir. 2000). Indeed, since § 1983 claims are essentially tort claims in nature, *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 689 (1999) ("There can be no doubt that § 1983 claims sound in tort."), the Court sees no reason why such fundamental tort principles should not apply to the § 1983 claims in this case.

Here, although Defendants accuse Plaintiff of obtaining their names from a police report and not from his own recollection of their involvement, Defendants have not denied that all of them were present at the scene of Plaintiff's arrest.[3] Given the circumstances of the arrest that Plaintiff describes, where he was lying face-down on the ground while several officers surrounded him, it would be impossible for Plaintiff to discern exactly which officer threw which punch, made which kick, and initiated which shove. It is also unlikely that anyone, even experts, could discern exactly which of those punches, kicks, and shoves caused each of Plaintiff's physical injuries. It is enough that all of the Defendants were present at the arrest, and that each had personal

---

[3] Furthermore, record evidence belies Defendants' contention that Plaintiff did not recall who was involved. During Plaintiff's deposition, he provided a detailed account of the events, including the names of some of the officers involved. (*See, e.g.*, Dep. of Stanley Niblack 129:16-21 & 137:4-8.)

10

involvement in the alleged constitutional violations—each of them either participated in the alleged use of excessive force, or acquiesced in the use of that force. *See White v. Bell*, No. 10-0863, 2015 WL 5123984, at *6 (M.D. Tenn. Aug. 31, 2015) (adopting a joint and several liability instruction for the jury on an excessive force claim, stating that "[i]f two or more persons performed excessive force that may have produced the plaintiff's injury, but it is impossible to know which one really did, the two defendants may be jointly liable for that single injury"); Restatement (Third) of Torts § C18 (2000) ("When an injury is indivisible and legally caused by the tortious conduct of two or more persons, each is jointly and severally liable."). Accordingly, the Court rejects Defendants' argument and finds that summary judgment is not warranted.[4]

---

[4] Defendants also seem to argue that Plaintiff's injuries are inconsistent with his description of the force applied. (*See* Defs.' Moving Br. at 13 ("Kicking and punching generally causes red marks or bruising to the area affected; certainly, if Plaintiff's allegations were true, Plaintiff would have had marks or bruising consistent with fists or feet, but none were noted on his injured admittance form.").) Defendants submit no evidence, such as an expert report, showing that the injuries are in fact inconsistent with Plaintiff's claims of excess force. Furthermore, it is not clear to the Court why the injuries are inconsistent with Plaintiff's version of the events—to the extent Defendants argue that the force applied was reasonable because it did not cause serious injury, they cite to no authority stating that serious injury is a requirement for an excess force claim. *But see Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (holding that, in a claim of excess force by a prisoner, "the use of excessive physical force . . . may constitute [a constitutional violation] [even] when the [plaintiff] does not suffer serious injury.") (citation omitted); *Pannell v. Miller*, 131 F.3d 144 (8th Cir. 1997) (holding that "lack of serious injury [is] not dispositive" of an excessive force claim); *Piper v. City of Elmira*, 12 F. Supp. 3d 577, 589 (W.D.N.Y. 2014) ("[T]he absence of a serious injury is not dispositive of the [excessive force] claim[.]"); *Antoine ex rel. Antoine v. Rucker*, No. 03-3738, 2006 WL 1966649, at *10 (D.N.J. July 12, 2006) ("[A]lthough relevant, permanent or serious injury is neither a requirement nor a dispositive factor in an excessive force claim under § 1983.").

11

## IV. CONCLUSION

For the reasons set forth above, Defendants' summary judgment motion is DENIED.[5]

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 29th, 2016

---

[5] Because the Court is denying summary judgment, the Court need not address Plaintiff's argument regarding the need for additional discovery. (*See* Pl.'s Opp'n Br. 65, ECF No. 132.)

12